UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JESSE W. REED, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18-cv-1663-RWS |
| JEFF NORMAN, | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This case is before me on Petitioner Jesse W. Reed application for a writ of habeas corpus, under 28 U.S.C. § 2254. ECF No. [1]. Reed argues that his due process rights have been violated in eight ways. ECF No. [1-3]. After careful consideration, I deny Reed's petition for the reasons set forth below.

## **BACKGROUND**

On April 18, 2014, the day of his trial, Reed pled guilty to three counts of assault in the second-degree, RSMo 565.060.1(4), for driving a vehicle while intoxicated and causing an accident that injured three people. ECF No. [1-3] at 30. He also pled guilty to one count of leaving the scene of a motor vehicle accident, RSMo 577.060, and one count of operating a motor vehicle with a revoked license, RSMo 302.321. ECF No. [1-3] at 30.

1

After pleading guilty, Reed was sentenced on the same day as a prior and persistent offender to the maximum sentence for each charge, to be served consecutively. ECF No. [1-3] at 30. A total sentence of fifty-nine years. ECF No. [1-3]

Prior to the trial Reed was offered several plea agreements. Initially, the State offered Reed a plea agreement of nine years. Reed's defense counsel at the time, Mr. Campbell, testified that he presented the offer to Reed, who refused it. Reed's next two attorney's also testified that they presented the nine-year plea agreement to Reed, who rejected it each time. After uncovering additional evidence, the State offered Reed a twenty-year plea agreement and later a twenty-five-year plea agreement. Reed declined both of these offers.

On the day of his trial, the State offered Reed a thirty-year plea agreement. Based on the recommendation of his attorney, Reed declined that offer and entered a blind plea. Reed later discovered that the judge, who sentence Reed to fifty-nine years, had a reputation for being tough on defendants who enter blind pleas. At his state post-conviction hearing, several attorney's testified to this reputation.

On June 30, 2014, Reed filed a pro se motion to vacate, set aside or correct the judgment or sentence under Missouri Supreme Court Rule 24.035. ECF No. [1-3] at 5. After he obtained counsel, an amended motion was filed arguing that Reed's constitutional rights were violated because he was subject to double

jeopardy, disproportionate punishment under the Eighth Amendment, and was not provided effective assistance of counsel. The post-conviction relief court denied Houston's motion, and the Missouri Court of Appeals affirmed that denial. Reed then filed this petition under 28 U.S.C. § 2254 on September 28, 2018. In his petition Reed raise the following eight claims:

(1) Ineffective assistance of counsel for advising movant to plead guilty and open him to exposure to the maximum sentence;
(2) Ineffective assistance of counsel for failing to provide full and effective representation before the jury trial;
(3) Counsel was not provided adequate time to prepare for trial because new evidence and new witnesses submitted by the prosecutor five days before the trial;
(4) The trial judge was biased and improperly imposed the maximum sentence after movant entered his blind plea;
(5) Ineffective assistance of counsel for failure to raise a defense of double jeopardy;
(6) Movant was subject to double jeopardy when he was convicted of three counts of assault in the second degree for a single offense;
(7) Ineffective assistance of counsel for recommending the movant enter a blind plea in front of a judge with a reputation for giving the maximum or near maximum sentence when defendants enter blind pleas;
(8) Movant was denied protection from cruel and unusual punishment when he was sentences to fifty-nine years for a single car accident, which should be seen as grossly disproportionate to his conduct.

ECF No. [1-3].

## **LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). An application for a writ of habeas

corpus cannot be granted unless the petitioner has exhausted their state court remedies or there is no effective process available in the state. 28 U.S.C. § 2254(b). Further, a federal court may not grant habeas relief unless the claim, adjudicated on the merits in state court, "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

In O'Sullivan v. Boerckel, the Supreme Court of the United States determined that for purposes of exhaustion a "state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. 838, 845 (1999). Under Missouri law habeas petitioners are required to "bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief under rule 29.15." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006), see also Schleeper v. State, 982 S.W.2d 252, ft. 2 (MO banc 1998). Where a petitioner fails

to follow applicable state procedural rules and does not bring a claim in their Rule 29.15 or 24.035 motion, it is not properly raised before the state court and is procedurally defaulted. See Id. Where a claim is defaulted, a federal habeas court will consider it only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. Id. (citing Sawyer v. Whitley, 505 U.S.333, 338–39, 112 S.Ct. 2514 (1992)).

## ANALYSIS

In his petition, Reed asserts eight violations of his constitutional rights. The state argues that four of these claims are procedurally defaulted and that all of the claims fail on their merits. I will first address the issue of procedural default and then address the merits of the remaining claims.

### I. PROCEDURAL DEFAULT - CLAIMS 1-4

Reed's first four claims are procedurally defaulted. Although Reed presented these claims in his pro se Rule 24.035 motion filed on June 30, 2014, ECF No. [1-3] at 5, they were not raised in his amended motion. Therefore, as discussed in the circuit court's opinion, these claims were waived. ECF No. [1-3] at 2-3. Since these claims were not properly presented to the state court, they are defaulted. Interiano v. Dormire, 471 F.3d 854, 856 (8th Cir. 2006).

In his reply to the defendant's response to the show cause order, Reed argues

that his post-conviction counsel's failure to raise the claims that were included in his pro se motion establish cause for default under Martinez v. Ryan. In Martinez, the Supreme Court held "[i]nadequate assistance of counsel at an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." Martinez v. Ryan, 566 U.S. 1, 9 (2012). Specifically, when a state, like Missouri, requires prisoners to raise an ineffective-assistance-of-trial-counsel claim in collateral proceedings, a prisoner may establish cause for default of an ineffective-assistance claim in two circumstances: where the state court did not appoint counsel in the initial-review collateral proceeding and where the counsel in the initial review collateral proceeding was ineffective under the Strickland v. Washington standard. Id. at 14.

Since, Martinez only applies in limited circumstances involving a claim of ineffective-assistance-of-counsel, see Dansby v. Hobbs, 766 F.3d 809,833 (8th Cir. 2014), it cannot remedy the petitioner's procedural default of claim four, which alleges the trial judge was biased. Accordingly, claim four is procedurally defaulted and must be dismissed.

Claims one through three, however, are all ineffective-assistance-of-counsel claims, and as a result Martinez applies. In order for Reed to show cause for his procedural default under Martinez, he must show that his post-conviction counsel was ineffective under Strickland and that the underlying ineffective-assistance-of-

counsel claims are substantial. Reed fails to meet this standard.

To establish the ineffective assistance of his post-conviction counsel, Reed must show that his counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. , 668, 688 (1984). When considering a claim of ineffective assistance of counsel, I "must apply the strong presumption that counsel's representation was within the wide rand of reasonable professional assistance." Premo v. Moore, 562 U.S. 115,121 (2011). In his petition, Reed claims his post-conviction counsel was ineffective for failing to include all of the claims in his pro se Rule 24.035 motion. But aside from this assertion, Reed makes no argument about how this omission satisfies the Strickland standard. ECF No. [15]. Even so, I reviewed the record and the claims. Based on that review, I find that the petitioner is unable to establish his post-conviction counsel was deficient.

"When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006). Usually, only when the forfeited claims are clearly stronger than those presented, will the presumption effectiveness be overcome. Id. This holds true for post-conviction counsel as well. See Greenlee v. Wallace, 2016 WL 4730312 *8 (E.D.Mo 2016), Taylor v. Griffith, 2018 WL

4407437, *8 (E.D.Mo 2018).

Claim 1, which alleges that trial counsel was ineffective for advising the petitioner to plead guilty, which exposed him to the maximum sentence is similar to claim 7. Both claims challenge trial counsel's recommendation to enter a blind plea. Given the similarities between the claims, the failure of Reed's post-conviction counsel to include Claim 1 in the Amended Rule 24.035 motion does not rise to the level of ineffective assistance of counsel. See Link v. Luebbers, 469 F.3d 1197 (8th Cir. 2006).

Claims 2 and 3 assert that Reed's trial counsel was ineffective because he did not properly prepare for trial. Both of these claims focus on the trial, which never occurred because of Reed's guilty plea. These claims are not clearly stronger than the claims presented. Additionally, the underlying ineffective assistance of counsel claims are not substantial. A substantial claim is one that has "some merit." Martinez, 566 U.S. at 14. In claims 2 and 3, Reed asserts that his trial counsel did not properly prepare for trial. According to Reed's reply, "counsel failed to read, investigate, and adjust his trial strategy based on the new evidence" provided by the prosecutor. ECF No. [15] at 30 (Five days prior to trial, the prosecutor handed over 6000 pages of new evidence.) Reed goes on to state that "[f]ive days was enough time for [counsel] to investigate and prepare for trial, [i]nstead counsel complained to the trial court that he did not have enough time to

8

prepare for trial and was denied a continuance." ECF No. [15] at 30. Aside from this conclusory statement about his counsel's preparation, Reed provides no additional information about counsel's failure to prepare. Additionally, Reed fails to establish how counsel's failure prejudiced him. Although he states that if it were not for his counsel's error, he would not have plead guilty, he does not indicate that his counsels lack of preparation played any role in his decision to plea in the first instance.

Since Reed failed to show cause for his default under Martinez, claims 1-4 are procedurally defaulted. Accordingly, I dismiss those claims.

## II. DOUBLE JEOPARDY – CLAIMS 5 AND 6

Reed's fifth and sixth claims allege that Reed's Fifth Amendment right to be free from double jeopardy was violated and that his trial counsel was ineffective for failing to raise the issue at trial. The State Court reached both these claims on the merits and denied them. Therefore, under 28 U.S.C. § 2254, I can only grant Reed's petition if I determine the State Court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts.

In his petition, Reed argues that his right to be from double jeopardy was violated when he was convicted of and sentenced on three charges of assault in the second degree under R.S.Mo 565.060.1(4) for a single incident. Reed's claim

9

primarily relies on the language of the statute. R.S.Mo 564.060.1(4) says "a person commits a crime of assault in the second degree if he, while in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and when so operating, acts with criminal negligence to cause physical injury to any other person than himself." R.S.Mo 565.060.1(4). Reed argues that this statute, because of its use of the word "any," creates a single unit of prosecution. Therefore, Reed argues, convicting and sentencing him for three counts of second-degree assault violates his right to be free from double jeopardy. He cites several other cases in which the Missouri Supreme Court or the Supreme Court of the United States have interpreted use of the word "any" to indicate a single unit of prosecution.

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." <u>Missouri v. Hunter</u>, 459 U.S. 356, 366 (1983). As the Supreme Court highlighted in <u>Missouri v. Hunter</u>, "the question of what punishments are constitutionally permissible is no different than the question of what punishment the legislative branch intended to impose." <u>Missouri v. Hunter</u>, 459 U.S. 356, 366 (1983). Here, the State Court determined that the legislature intended to allow convictions for each person injured. Although this conclusion seems contrary to <u>Bell v. United States</u> and <u>State v. Liberty</u>, the

Court explained that unlike the statutes at issue in those cases, the statute at issue here defines a charge of assault, and the "gravamen of the offense" of assault is causing physical injury to a person. ECF No. [12-3] at 9. The State Court's analysis is not contrary to or an unreasonable application of federal law, and I will not second guess the State Court's interpretation of its own statute. Accordingly, the Double Jeopardy claim is denied.

Reed's claim of ineffective assistance of counsel for failing to raise Double Jeopardy as a defense must also be denied. The State Court held that the ineffective assistance of counsel claim must fail because the underlying double jeopardy claim was meritless. Although the State Court does not directly address <u>Strickland v. Washington</u> when discussing this claim, it reasoning is not contrary to or an unreasonable application of clearly established federal law. Under <u>Strickland,</u> a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that the petitioner was prejudiced by counsel's performance. Accordingly, Reed must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Middleton v. State</u>, 103 S.W.3d 726, 733 (Mo. Banc 2003)(quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Since the underlying double jeopardy claim was deemed meritless, the counsel's failure to raise the issue during trial would not have affected the outcome of the case.

Therefore, counsel's failure to raise the issue at trial did not prejudice Reed and does not establish ineffective assistance of counsel. Accordingly, the ineffective assistance of counsel claim for failing to raise Double Jeopardy as a defense is denied.

## III.   BLIND PLEA – CLAIM 7

Reed's seventh claim alleges he was denied his right to effective assistance of counsel when his trial counsel recommended a blind plea in front of a judge known for his harsh treatment of defendants who enter blind pleas. As discussed earlier, since the State Court reached a decision on the merits with regard to this claim, I can only grant the petition if the State Court's decision is contrary to or involves an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts.

Here, Reed claims that counsel was ineffective for recommending he enter a blind plea. In order to establish ineffective assistance of counsel, Reed must show that his counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). When considering a claim of ineffective assistance of counsel, courts "must apply the strong presumption that counsel's representation was within the wide rand of reasonable professional assistance." Premo v. Moore, 562 U.S. 115,121 (2011). Overcoming Strickland's high bar is not an easy task and establishing that the State

Court's application of Strickland was unreasonable under 28 U.S.C. § 2254 is all the more difficult since the standards under Strickland and §2254 are both highly deferential. Premo v. Moore, 562 U.S. 115, 122 (2011). When 28 U.S.C. § 2254 applies, the question is not whether counsel's actions were unreasonable, but whether there is any reasonable argument that counsel satisfied the Strickland standard. Id. The State Court's decision presents a reasonable articulation of why counsel met the Strickland standard. See ECF No. [12-3] at 15-19. Since counsel's advice did not impact the voluntariness of Reed's plea, it did not prejudice the defendant. ECF No. [12-3] at 15-19. Additionally, even if Reed had gone to trial or accepted the State's thirty-year plea agreement, he still would have been exposed to the maximum sentence. Since the State Court's decision presents a reasonable argument that counsel satisfied the Strickland standard, their decision was not contrary to or an unreasonable application of clearly established federal law. Accordingly, Reed's claim for ineffective assistance of counsel for recommending a blind plea is denied.

## IV. EIGHTH AMENDMENT – CLAIM 8

Reed's eighth claim alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when the court sentenced him to fifty-nine years for a single car accident. Reed argues that his sentence was grossly disproportionate to his crime.

13

The Eighth Amendment protects individuals from being subjected to excessive fines or bail and cruel and unusual punishment. As part of its prohibition against cruel and unusual punishment, the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" <u>Ewing v. California</u>, 538 U.S. 11, 20 (2003)(citing <u>Harmelin v. Michigan</u>, 501 U.S. 957, 996-96 (1991). But outside of capital punishment cases, "successful challenges to the proportionality of particular sentences are exceedingly rare." <u>United States v. Paton</u>, 535 F.3d 829, 837 (8th Cir. 2008)(quoting <u>Harmelin</u>, 501 U.S. at 1001 (Kennedy, J. concurring)). This is particularly true for sentences "falling within the authorized statutory range." <u>United States v. Paton</u>, 535 F.3d 829, 838 (8th Cir. 2008)(internal citation omitted).

In this case, although Reed's sentence was the maximum possible sentence authorized, it still fell within the statutory range. Accordingly, the State Court's determination that the sentence was not "grossly disproportionate" was not contrary to or an unreasonable application of clearly established federal law. Therefore, Reed's Eighth Amendment claim is denied.

## **CONCLUSION**

Reed's first four claims were procedurally defaulted. Additionally, the Missouri Court of Appeals did not act contrary to federal law or make an unreasonable determination of facts when it denied Reed's four other claims on the

merits. Therefore, Reed's petition for habeas corpus must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jesse W. Reed for a writ of habeas corpus is **DENIED**.

                                                               /s/ Rodney W. Sippel
                                                               RODNEY W. SIPPEL
                                                               UNITED STATES DISTRICT JUDGE

Dated this 9th day of December 2019.